UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

THOMAS SOURAN, KELLY REARDON, ROY WILKIE, CARMEN GONZALEZ, LOUIS RAMZY, and ADAM SMITH, Individually and on behalf of all other similarly individuals,

    Plaintiffs,

v.

GRUBHUB HOLDINGS INC. and GRUBHUB INC.

    Defendants.

Civil Action No. 1:16-cv-6720

## COLLECTIVE AND CLASS ACTION COMPLAINT

**I.**   **INTRODUCTION**

1. This is a collective and class action brought on behalf of delivery drivers who have worked for GrubHub Holdings Inc. and GrubHub Inc. (together referred to as "GrubHub"). GrubHub is a food delivery service that employs delivery drivers who can be scheduled and dispatched through a mobile phone application or through GrubHub's website and who deliver food orders from restaurants to customers at their homes and businesses.

2. As described further below, GrubHub has misclassified its delivery drivers as independent contractors and, in so doing, has committed wage and hour violations under a variety of federal and state statutes, including: (1) the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (2) the Illinois Minimum Wage Law,

820 ILCS 105/1, *et seq.*; (3) the Oregon wage-and-hour laws, O.R.S. §§ 653.010 *et. seq.*; (4) the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101 *et seq.*; (5) New York Labor Law § 652, 12 NYCRR 142-2.2, and the New York spread-of-hours regulation 12 NYCRR § 142-2.4(a); and (6) the Connecticut minimum wage and overtime statutes Conn. Gen. Stat. §§ 31-58 *et seq.* and Conn. Gen. Stat. §§ 31-70 *et seq.*

3. Plaintiffs bring these claims under the FLSA on behalf of themselves and all similarly situated GrubHub delivery drivers across the country (except in California) who may choose to opt in to this action pursuant to 29 U.S.C. § 216(b).[1]

4. Plaintiffs also bring these claims under the laws of the states in which they have worked pursuant to Fed. R. Civ. P. 23.

## II. PARTIES

5. Plaintiff Thomas Souran is an adult resident of Chicago, Illinois. Mr. Souran worked as a delivery driver for GrubHub in Chicago, Illinois, from approximately December 2014 to August 2015.

6. Plaintiff Kelly Reardon is an adult resident of Chicago, Illinois. Ms. Reardon has worked as a delivery driver for GrubHub in Chicago, Illinois, since approximately November 2014.

7. Plaintiff Roy Wilkie is an adult resident of Portland, Oregon. Mr. Wilkie worked as a delivery driver for GrubHub in Portland, Oregon, from approximately July 2015 to October 2015.

---

[1] A separate class action case alleging misclassification has been filed on behalf of GrubHub delivery drivers in California, Tan v. GrubHub Holdings et. al, C.A. No. 15-cv-05128 (N.D. Cal.), and so this complaint excludes those drivers.

8. Plaintiff Carmen Gonzalez is an adult resident of Glenolden, Pennsylvania. Ms. Gonzalez worked as a delivery driver for GrubHub in Philadelphia, Pennsylvania, from approximately May 2015 to October 2015.

9. Plaintiff Louis Ramzy is an adult resident of Brooklyn, New York. Mr. Ramzy worked as a delivery driver for GrubHub in Brooklyn, New York, from approximately June 2015 to December 2015.

10. Plaintiff Adam Smith is an adult resident of Bridgeport, Connecticut. Mr. Smith worked as a delivery driver for GrubHub in Stamford, Connecticut, from approximately September 2015 to November 2015.

11. Plaintiffs bring this action on behalf of GrubHub delivery drivers across the country (except California), who may choose to "opt-in" to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

12. Plaintiffs Souran and Reardon also bring claims under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, on behalf of GrubHub delivery drivers who have worked in Illinois, pursuant to Fed. R. Civ. P. 23.

13. Plaintiff Wilkie also brings claims under the Oregon wage-and-hour laws, O.R.S. §§ 653.010 *et. seq.*, on behalf of GrubHub delivery drivers who have worked in Oregon, pursuant to Fed. R. Civ. P. 23.

14. Plaintiff Gonzalez also brings claims under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101 *et seq.*, on behalf of GrubHub delivery drivers who have worked in Pennsylvania, pursuant to Fed. R. Civ. P. 23.

15. Plaintiff Ramzy also brings claims under New York Labor Law § 652, 12 NYCRR § 142-2.2, and 12 NYCRR § 142-2.4(a), on behalf of GrubHub delivery drivers who have worked in New York, pursuant to Fed. R. Civ. P. 23.

16. Plaintiff Smith also brings claims under Conn. Gen. State 31-58 *et seq.* and Conn. Gen. Stat. §§ 31-70 *et seq.*, on behalf of GrubHub delivery drivers who have worked in Connecticut, pursuant to Fed. R. Civ. P. 23.

17. Defendants GrubHub Holdings Inc. and GrubHub Inc. (together "GrubHub") are Delaware corporations with their principal place of business in Chicago, Illinois. Defendants run a business that provides food delivery services throughout the country.

## II. JURISDICTION AND VENUE

18. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over the state law claims pursuant to 29 U.S.C. § 1367.

19. The Northern District of Illinois is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs Souran and Reardon worked for GrubHub in Chicago, Illinois, and GrubHub's principal place of business is in Chicago, Illinois.

## IV. STATEMENT OF FACTS

20. GrubHub is a business that provides food delivery service to customers in cities throughout the country via an on demand dispatch system.

21. GrubHub offers customers the ability to request a food delivery on a mobile phone application or online through its website.

4

22. GrubHub delivery drivers fulfill these food delivery orders by traveling to the requested restaurant, picking up the customer's food order, and then delivering the order to the customer at their home or business.

23. GrubHub's website advertises that "GrubHub is the nation's leading online and mobile food ordering company dedicated to connecting hungry diners with local takeout restaurants."

24. Although classified as independent contractors, GrubHub delivery drivers are employees under federal and state law. GrubHub directs drivers' work in detail, instructing drivers where to report for their shifts, how to dress, and where to go to pick up or await deliveries. Drivers are required to follow requirements imposed on them by GrubHub regarding handling of the food and timeliness of the deliveries. GrubHub retains the right to terminate the drivers at will.

25. In addition, GrubHub is in the business of providing food delivery services to customers, and this is the very service its drivers provide. The drivers' services are fully integrated into GrubHub's business, and without the drivers, GrubHub's business would not exist.

26. GrubHub drivers are generally paid through a flat fee for each delivery completed plus gratuities added by customers (though GrubHub at times pays minimum hourly wages).

27. GrubHub drivers work on scheduled shifts (such as blocks of 2.5 hours, 3 hours, or 4 hours). While drivers are on shift, they must stay within an area assigned by GrubHub and must remain available to accept delivery assignments.

28. During their shifts, drivers are frequently contacted by dispatchers who instruct them on what they need to be doing and where they need to be. If the drivers

5

did not follow the dispatchers' instructions, they will not receive job assignments, or their shifts will be cancelled. The drivers also risk termination if they do not adhere to the dispatchers' instructions.

29. During their shifts, drivers are typically assigned at least two to four delivery jobs per hour. Delivery assignments can typically take between thirty minutes and an hour and a half to complete.

30. Drivers are required to accept job assignments during their shifts. If a driver's job acceptance rate falls below what GrubHub deems acceptable, GrubHub may terminate the driver. Frequently drivers receive multiple job assignments at the same time and so cannot always accept all of them. However, in order to avoid being terminated, they must accept as many assignments as possible.

31. While on shift, drivers are required to remain in their cars or very near to their cars in the zone that GrubHub has designated so that they can be ready to take the next delivery assignment.

32. Additionally, when GrubHub assigns a delivery to a driver, GrubHub requires the driver to arrive at the restaurant by a designated time or risk being terminated. Thus, as a practical matter, the delivery drivers must remain in or very near to their cars at all times during their shifts so that they can reach the restaurant on time when a delivery job is assigned.

33. Given the frequency and duration of delivery assignments while drivers are on shift, as well as the requirement that the drivers be in or very near to their cars at all times during their shifts, the drivers as a general matter cannot engage in personal non-work activities during their GrubHub shifts.

34. As a result, drivers are working throughout their entire shifts and this time is all compensable under federal and state wage standards.

35. Drivers bear their own expenses, including the cost of fuel and the cost of owning or leasing, and maintaining their vehicles, as well as cellular data costs.

36. Because drivers are paid by the delivery, and have been required to pay expenses necessary to do their job (including the cost of fuel and the cost of owning or leasing, and maintaining, their vehicles, and cellular data costs), their weekly pay rates have fallen below federal and state minimum wage in many weeks.

37. Also, drivers have regularly worked more than forty hours per week, but GrubHub does not pay drivers overtime wages (time-and-a-half the regular rate) for these hours.

38. For example, between December 2014 and August 2015, Plaintiff Souran regularly worked fifty-two hours per week, but GrubHub has not paid him overtime wages (time-and-a-half the regular rate) for the hours he worked in excess of forty per week.

39. Between November 2014 and the present, there were many weeks in which Plaintiff Reardon worked between forty-one and seventy hours, but GrubHub has not paid her overtime wages (time-and-a-half the regular rate) for the hours she worked in excess of forty per week.

40. Between July 2015 and October 2015, there were weeks in which Plaintiff Wilkie worked between forty-five and fifty-five hours, but GrubHub has not paid him overtime wages (time-and-a-half the regular rate) for the hours he worked in excess of forty per week.

41. Between March 2015 and October 2015, Plaintiff Gonzalez regularly worked fifty hours per week and sometimes exceeded seventy hours in a week, but GrubHub has not paid her overtime wages (time-and-a-half the regular rate) for the hours she worked in excess of forty per week.

42. Plaintiff Ramzy regularly worked fifty to seventy hours per week between June 2015 and November 2015, but GrubHub has not paid him overtime wages (time-and-a-half the regular rate) for the hours he worked in excess of forty per week.

43. Additionally, Plaintiff Ramzy regularly worked in excess of ten hours in a day but never received pay for an extra hour at minimum wage as is required by 12 NYCRR § 142-2.4(a).

44. Plaintiff Smith regularly worked eighty hours per week between August 2015 and November 2015, but GrubHub has not paid him overtime wages (time-and-a-half the regular rate) for the hours he worked in excess of forty per week.

## V. COLLECTIVE ACTION ALLEGATIONS

45. Plaintiffs bring Counts I (violation of the FLSA overtime provision, 29 U.S.C. § 207) and II (violation of the FLSA minimum wage provision, 29 U.S.C. § 206) as a collective action on behalf of GrubHub delivery drivers who have worked anywhere in the country (except California) who may choose to opt in to this action.

46. These drivers who may opt in to this collective action are similarly situated to the named plaintiffs. They have all held the same job positions, signed virtually identical agreements, and have worked under substantially similar job requirements and pay provisions. They have been subject to the same common practices, policies, and plans of GrubHub, including not being paid time-and-a-half their regular rate for hours

worked past 40 per week and not being guaranteed the federal minimum wage (particularly when taking into account the expenses they must bear, including for owning or leasing, and maintaining, their vehicles, and cellular data costs).

## VI. CLASS ACTION ALLEGATIONS

47. Plaintiffs also bring this case as a class action on behalf of GrubHub delivery drivers who have worked in Illinois, Oregon, Pennsylvania, New York, and Connecticut.

48. These Illinois, Oregon, Pennsylvania, New York, and Connecticut classes all meet the prerequisites of Fed. R. Civ. P. 23 in that:

    a. The classes are so numerous that joining all members is impracticable. The exact number of the members of each class is unknown, but it is estimated that there have been well more than 40 delivery drivers in each of these states. As a result, joinder of all of these individuals is impracticable.

    b. There are questions of fact and law common to all GrubHub delivery drivers, because all of those individuals were subject to a uniform policy whereby they have been misclassified as independent contractors under the laws of their respective states, they have not received overtime pay when they have worked beyond 40 hours per week, and they have not been guaranteed to receive their states' minimum wage (particularly when taking into account the expenses they must bear, including for owning or leasing, and maintaining, their vehicles, and cellular data costs).

c. With respect to these common issues, the claims of the named plaintiffs are typical of the claims of GrubHub delivery drivers who have worked in each of these states.

d. Plaintiffs and their counsel will fairly and adequately represent the interests of each class. The named plaintiffs have no interests adverse to or in conflict with the class members whom they propose to represent. Plaintiffs' counsel have litigated and successfully resolved many dozens of class action cases involving wage and hour claims, and particularly claims involving independent contractor misclassification.

e. The questions of law or fact common to all members of each class predominate over any questions affecting only individual members. The common questions include, among other things, whether GrubHub delivery drivers have been misclassified as independent contractors, whether or not GrubHub reimbursed them for expenses they bore in order to perform their work, such as fuel, vehicle maintenance, and cellular data, whether GrubHub's pay policies caused their weekly compensation to fall below minimum wage, and whether they are owed overtime pay for time worked in excess of forty hours per week. These common issues predominate over individualized issues.

f. Litigating these claims as a class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications would result in a highly inefficient

duplication of discovery for many GrubHub drivers in these various states, briefing of legal issues, and court proceedings.

## COUNT I
### FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

GrubHub's conduct in failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week violates the FLSA, 29 U.S.C. § 207. GrubHub's violation of the FLSA has been willful in that it knew or showed reckless disregard for whether its actions were unlawful under the FLSA. This claim is brought on behalf of a class of GrubHub drivers across the country (except California) who may choose to opt in to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

GrubHub's conduct in failing to pay its drivers the federal minimum wage (including its practice of requiring its drivers to bear expenses such as fuel, vehicle maintenance, and cell phone data, which has caused the drivers' weekly compensation to fall below the federal minimum wage), violates the FLSA, 29 U.S.C. § 206. GrubHub's violation of the FLSA has been willful in that it knew or showed reckless disregard for whether its actions were unlawful under the FLSA. This claim is brought on behalf of a class of GrubHub drivers across the country (except California) who may choose to opt in to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### FAILURE TO PAY OVERTIME IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW

Plaintiffs Souran and Reardon bring this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Illinois. GrubHub has violated the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, by knowingly and willfully failing to pay its

drivers time-and-a-half their regular rate for all hours worked in excess of forty per week.

## COUNT IV
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW

Plaintiffs Souran and Reardon bring this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Illinois. GrubHub has violated the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, by knowingly and willfully failing to pay its drivers the Illinois state minimum wage for all hours worked, as they were required to bear the expenses of their work such as fuel costs, vehicle maintenance costs, and cell phone data costs.

## COUNT V
## FAILURE TO PAY OVERTIME IN VIOLATION OF OREGON OVERTIME LAW

Plaintiff Wilkie brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Oregon. GrubHub has violated Oregon's overtime provision, O.R.S. § 653.261, by knowingly and willfully failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week. This claim is brought pursuant to O.R.S. § 653.055.

## COUNT VI
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF OREGON MINIMUM WAGE LAW

Plaintiff Wilkie brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Oregon. GrubHub has knowingly and willfully failed to pay its drivers the Oregon state minimum wage for all hours worked, as they were required to bear the expenses of their work such as fuel costs, vehicle maintenance costs, and cell phone data costs, in violation of O.R.S. § 653.025. This claim is asserted pursuant to O.R.S. § 653.055.

**COUNT VII**
**FAILURE TO PAY OVERTIME IN VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**

Plaintiff Gonzalez brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Pennsylvania. GrubHub has violated the overtime provision of the Pennsylvania Minimum Wage Law, 43 P.S. § 333.104(c) by knowingly and willfully failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week.

**COUNT VIII**
**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**

Plaintiff Gonzalez brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Pennsylvania. GrubHub has knowingly and willfully failed to pay its drivers the Pennsylvania state minimum wage for all hours worked, as they were required to bear the expenses of their work such as fuel costs, vehicle maintenance costs, and cell phone data costs, in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(a).

**COUNT IX**
**FAILURE TO PAY OVERTIME IN VIOLATION OF 12 NYCRR 142-2.2**

Plaintiff Ramzy brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in New York. GrubHub has violated the overtime provision of 12 NYCRR 142-2.2 by knowingly and willfully failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week.

**COUNT X**
**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE NEW YORK LABOR LAW**

Plaintiff Ramzy brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of

GrubHub drivers who have worked in New York. GrubHub has knowingly and willfully failed to pay its drivers the New York state minimum wage for all hours worked, as they were required to bear the expenses of their work such as fuel costs, vehicle maintenance costs, and cell phone data costs, in violation of the N.Y. Lab. Law § 652.

**COUNT XI**
VIOLATION OF THE NEW YORK SPREAD-OF-HOURS REQUIREMENT

Plaintiff Ramzy brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in New York. GrubHub has knowingly and willfully failed to pay its drivers in New York for an extra hour on days that they worked in excess of ten hours, in violation of the New York spread of hours requirements, 12 NYCRR 142-2.4(a).

**COUNT XII**
FAILURE TO PAY OVERTIME IN VIOLATION OF CONNECTICUT MINIMUM WAGE AND OVERTIME LAW

Plaintiff Smith brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Connecticut. GrubHub has violated the overtime provision of the Connecticut Minimum Wage and Overtime Law, Conn. Gen. Stat. §§ 31-60, 31-76c; 31-76f by knowingly and willfully failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week. This claim is asserted pursuant to Conn. Gen. Stat. § 31-68.

**COUNT XIII**
FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CONNECTICUT MINIMUM WAGE AND OVERTIME LAW

Plaintiff Smith brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Connecticut. GrubHub has knowingly and willfully failed to pay its drivers the Connecticut state minimum wage for all hours worked, as they were

14

required to bear the expenses of their work such as fuel costs, vehicle maintenance costs, and cell phone data costs, in violation of Conn. Gen. State. §§ 31-60(a) and (b) and 31-76f. This claim is asserted pursuant to Conn. Gen. Stat. § 31-68.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Permission for Plaintiffs to notify other GrubHub drivers of their right to opt-in to this action under the FLSA, pursuant to 29 U.S.C. § 216(b);

2. Certify a class action pursuant to Fed. R. Civ. P. 23 under Counts III and IV and appoint Plaintiffs Souran and Reardon and their counsel to represent a class of GrubHub delivery drivers who have worked in Illinois;

3. Certify a class action pursuant to Fed. R. Civ. P. 23 under Counts V and VI and appoint Plaintiff Wilkie and his counsel to represent a class of GrubHub delivery drivers who have worked in Oregon.

4. Certify a class action pursuant to Fed. R. Civ. P. 23 under Counts VII and VIII and appoint Plaintiff Gonzalez and her counsel to represent a class of GrubHub delivery drivers who have worked in Pennsylvania.

5. Certify a class action pursuant to Fed. R. Civ. P. 23 under Counts IX, X, and XI and appoint Plaintiff Ramzy and his counsel to represent a class of GrubHub delivery drivers who have worked in New York.

6. Certify a class action pursuant to Fed. R. Civ. P. 23 under Counts XII and XIII and appoint Plaintiff Smith and his counsel to represent a class of GrubHub delivery drivers who have worked in Connecticut.

7. Find and declare that GrubHub violated the following statutes: (1) the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (2) the Illinois Minimum Wage, 820 ILCS 105/1, *et seq.*; (3) the Oregon wage-and-hour laws, O.R.S. §§ 653.010 *et. seq.*; (4) the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101 *et seq.*; (5) New York Labor Law § 652, 12 NYCRR 142-2.2, and the New York spread-of-hours regulation 12 NYCRR § 142-2.4(a); and (6) the Connecticut minimum wage and overtime statutes Conn. Gen. Stat. §§ 31-58 *et seq.* and Conn. Gen. Stat. §§ 31-70 *et seq.*;

8. Award compensatory damages, including all wages owed, in an amount according to proof;

9. Award all costs and attorney's fees incurred prosecuting this claim;

10. Award liquidated damages and all appropriate statutory and regulatory damages;

11. Interest and costs;

12. Injunctive relief in the form of an order directing GrubHub to comply with the FLSA, Illinois state law, Oregon state law, Pennsylvania state law, New York state law, and Connecticut state law.

13. Any other relief to which Plaintiffs and class members may be entitled.

Dated: June 28, 2016

> Respectfully submitted,
> THOMAS SOURAN, KELLY REARDON, ROY WILKIE, CARMEN GONZALEZ, LOUIS RAMZY, and ADAM SMITH, on behalf of themselves and all others similarly situated,
>
> By their attorneys,
>
> *s/ James B. Zouras*
> James B. Zouras
> Ryan Stephan
> STEPHAN ZOURAS, LLP
> 205 N. Michigan Avenue, Suite 2560
> Chicago, Illinois 60601
> 312-233-1550
> jzouras@stephanzouras.com
> rstephan@stephanzouras.com
>
> Shannon Liss-Riordan,
> *pro hac vice forthcoming*
> Thomas Fowler,
> *pro hac vice forthcoming*
> LICHTEN & LISS-RIORDAN, P.C.
> 729 Boylston Street, Suite 2000
> Boston, Massachusetts 02116
> (617) 994-5800
> sliss@llrlaw.com
> tfowler@llrlaw.com

Matthew D. Carlson
*pro hac vice forthcoming*
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, California 94102
(617) 994-5800
mcarlson@llrlaw.com